UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YURI COUTO,

an individual,

                -against-

AMERICAN EXPRESS COMPANY,
a New York corporation.

Serve on Registered Agent:
CT Corporation System
28 Liberty Street
New York, New York 10005

_____CV_____
(Include case number if one has been assigned)

**CIVIL COMPLAINT**

Do you want a jury trial?
★ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I. BASIS FOR JURISDICTION

Under 28 U.S.C. § 1332, a diversity case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000.

★ **Diversity of Citizenship**

**1. Citizenship of the parties**

The plaintiff, <u>YURI COUTO</u>, is a citizen of the State of <u>Florida</u>.

The defendant, <u>AMERICAN EXPRESS COMPANY</u>, is incorporated under the laws of The State of <u>New York</u>, and has its principal place of business in the State of <u>New York</u>.

## II. PARTIES

### A. Plaintiff Information

> YURI J COUTO
> 9302 N 28th St
> Tampa, FL 33612
> Hillsborough County
> 813-846-2395
> Yuric96@yahoo.ca

### B. Defendant Information

> Name: AMERICAN EXPRESS COMPANY
>
> Address for Service of Process:
>
> > CT Corporation System
> > 28 Liberty Street
> > New York, New York 10005

## III. STATEMENT OF CLAIM

Place(s) of occurrence:   200 VESEY STREET, NEW YORK, NY, UNITED STATES, 10285

Date(s) of occurrence:   9/26/23

**Whereas** American Express National Bank is a U.S. bank subsidiary of AMERICAN EXPRESS COMPANY, Plaintiff hereby makes this claim for **breach of contract** by Defendant regarding both accounts referencing Plaintiff's credit card XXXXXXXXXX21009 and personal loan XXXXXXXXXX41009;

**FACTS:**

1. The Bank has received verified delivery of indorsed coupon payment instruments (Exhibits P-1, P-2) with instructions for tender (Exhibits P-3, P-4) informing the Bank that the Principal wishes to utilize its Interest and Equity in the accounts for set-off. Account set-offs have not occurred despite multiple notices made to the Bank stating Principal's requested fiduciary action. The Bank has refused to accept and honor Principal's decision to utilize its interest and equity to settle the accounts, and has demanded further payments of unearned interest to the Bank (Exhibits P-5).

2. The Account Holder (the "Principal") is the payee of the instruments the Bank received on 8/16/23 (9589071052700715989673, <u>Exhibit P-8</u>) and 6/23/23 (9505515441323171088574, <u>Exhibits P-9, P-10</u>). The "First Credit Card Coupon" (<u>Exhibit P-9</u>) has a value of $20,326.69 ("CCC1"), and the "Second Credit Card Coupon" (<u>Exhibit P-1</u>) has a value of $20,094.65 ("CCC2"). Additional instruments for the Principal's personal loan account were received by the Bank on 9/15/23 (RE268809763US, <u>Exhibit P-13</u>) worth $25,913.66, on 6/23/23 (9505515441323171088574, <u>Exhibit P-11</u>) worth $25,454.00, and one instrument postmarked without tracking on 8/1/23 (<u>Exhibit P-16</u>) worth $25,683.12. The Bank has failed in its fiduciary duty to perform as instructed for the Principal's accounts, yet has retained all the instruments mailed to it.

3. Furthermore, the Bank has canceled or closed the Principal's credit card account in a further breach of trust and equity, cutting off Principal's access to its rightful equity and interest in that account, without Principal's authorization. This caused me great distress mentally, emotionally, and physically by not having access to my Principal's estate, which I was supposed to be responsibly managing and in full control of at all times. The Bank has not only cancelled the account, but has outright refused Principal's prior requests to reinstate the account (<u>Exhibit P-6</u>).

4. Bank's refusal to grant the Principal rightful access and utilization of its consideration in the contract indicates a violation of Federal Reserve Act ("FRA") Section 23A(c), which states that the Bank must maintain 100 per centum of the amount of their extensions of

credit to affiliates as security collateral at all times. Violations of said act shall constitute Civil Money Penalties as outlined by Section 29 of the FRA, which include penalties of **up to 1% of the Bank's total assets per business day** of occurrence of the Bank's breach of fiduciary duty, which would be payable to the US Treasury into Principal's social security account XXX-XX-8973.

## IV. RELIEF

1. Plaintiff seeks court injunction requiring Defendant to perform the following:

    a. to apply my interest coupons to the referenced accounts immediately for set-off in full, and

    b. to refund to the Principal immediately for the account overpayments of the total securities sent to Defendant, being the amount $117,472.12, and

    c. to reinstate full operation of my Principal's credit card account immediately, with

        i. at minimum a $300 Million (three hundred million dollars) credit limit, with

        ii. maximum cash advance capability (up to 100% cash advance utilization, deliverable by wire transfer or other electronic means directly to Principal's bank account of choice within one business day of request.

    d. American Express shall accept and promptly process all past and future indorsed bill coupon payments, without delays.

    e. No transaction size limits or fraud-blocks (as defined in <u>Exhibit P-17</u>) shall be placed on the credit card account. No transaction denials will occur at all without express authorization of the Principal in writing.

    f. After reinstatement, <u>any future cancellation or closing of the account shall be done only with the express authorization of the Principal in writing</u>.

    g. Principal's card shall be utilizable globally, wherever the Defendant maintains services worldwide, and

    h. Bank shall issue any and all additional requested cards for any Additional Cardmembers at request of the Principal, and

    i. The Principal shall have full authority to:

        i. approve or disapprove ("charge-back") any transaction made by Additional Cardmembers,

        ii. change, manage or update the credit limit and cash advance limit for the remainder of the account's operation.

2. Furthermore, Principal also hereby seeks relief pursuant to the Federal Reserve Act Section 29(c.) Third Tier, Civil Money Penalty ("FRA"). As of October 6th, 2023, the Bank has been in default violation of the FRA. As of the filing of this complaint, the amount due to the Treasury and sought for relief is **17% of the**

**Bank's total assets**, accruing continually per business day until this action be resolved, payable to the US Treasury into Principal's social security account XXX-XX-8973.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

| | |
|---|---|
| 10/30/2023 | /s/ Couto, Yuri-Jacintho: Agent |
| Dated | Plaintiff's Signature |

YURI J COUTO
9302 N 28th St, Tampa, FL 33612, Hillsborough County
813-846-2395
Yuric96@yahoo.ca

Complaint, Couto v. American Express Company                                                             Page | 7 of 7