Kate Fisch
+1 212 378-7517 direct
kfisch@steptoe.com

1114 Avenue of the Americas
New York, NY  10036-7703
212 506 3900 main
www.steptoe.com

Steptoe

December 21, 2023

**Via ECF**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov



Re:   *Cuoto v. American Express Company*, Case No. 2:23-CV-10085 (KPF)
       **Pre-Motion Letter Seeking Leave to File Motion to Dismiss**

Dear Judge Failla:

We represent defendant American Express National Bank, erroneously sued as American Express Company ("American Express"), in the above-captioned matter. Pursuant to Your Honor's Individual Rules of Practice in Civil Cases, we write to request a pre-motion conference seeking leave to file a motion to dismiss under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) of all claims against American Express.

**I.     Plaintiff's Claims Against American Express**

In the Complaint, Plaintiff alleged the following claims against American Express: (i) breach of contract, (ii) breach of fiduciary duty, (iii) breach of trust or equity, and (iv) violation of the Federal Reserve Act, Section 23A(c) in connection with an American Express card account ending in 21009 ("Account 21009") and a personal loan with a reference number ending in 41009 ("Loan 41009") (collectively, the "Accounts").  (ECF No. 1 at 1, 2-3 ¶ 1-4.)  According to the Complaint, Plaintiff sent several credit card payment coupons, which is a paper slip with payment information included with his monthly billing statements, filled out as if they were checks in the amount of tens of thousand of dollars.  (ECF No. 1-1, Exs. P-9, P-1, P-2; ECF No. 1-2, Ex. P-16.) Plaintiff also sent letters to American Express instructing it to accept these documents as a form of payment for his outstanding debts on the Accounts. (ECF No. 1 at ¶ 1; ECF No. 1-1, Exs. P-10 at 1-2, P-3 at 1; ECF No. 1-2, Ex. 14.) However, at no time has Plaintiff alleged that American Express refused to accept legitimate forms of payment on the Accounts. Plaintiff further alleges that American Express breached its alleged fiduciary duties to Plaintiff by closing Account 21009. (ECF No. 1 at ¶ 3.)

**II.    Plaintiff Improperly Served American Express Under Rule 12(b)(5) of the FRCP**

Under 12(b)(5) of the Federal Rules of Civil Procedure (the "FRCP"), "a party may move for dismissal of a complaint based on the inadequate service of process." *Fantozzi v. City of New York*, 343 F.R.D. 19, 25 (S.D.N.Y. 2022). Rules 4(h)(1)(A) and (B) of the FRCP provide that a

plaintiff may serve process upon a corporation in a manner prescribed under state law (in this case, New York) or by delivering a copy of the summons and complaint to the corporation's registered agent. Fed. R. Civ. P. 4(h)(1). If a plaintiff is to serve process upon a corporation by mail, New York's Civil Practice Law and Rules ("CPLR") require the plaintiff to serve process upon a corporation by mail in accordance with CPLR Section 312-a, N.Y. C.P.L.R. § 312-a(a). Section 312-a has several requirements.[1] Here, Plaintiff failed to properly serve CT Corporation, a registered agent of American Express, since Plaintiff failed to provide all necessary documents to American Express. Plaintiff also improperly filed a document entitled "Proof of Service" in which Plaintiff only claims to have served American Express by certified mail. Thus, American Express requests a pre-motion conference seeking leave to file its motion to dismiss.

### III. Plaintiff Fails to State a Claim for All Causes of Action Under 12(b)(6) of the FRCP

#### A. Standard of Review Under 12(b)(6) of the FRCP

Under Rule 12(b)(6) of the FRCP, a complaint must "contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). While pro se complaints are entitled to liberal construction, s*ee Haines v. Kerner*, 404 U.S. 519, 520 (1972), the pleading standard "is not without limits, and all normal rules of pleading are not absolutely suspended." *Hill v. City of New York*, 2015 WL 246359, at *2 (S.D.N.Y.,2015) (internal quotations and citation omitted). Based on the following, American Express requests a pre-motion conference seeking leave to file a motion to dismiss due to Plaintiff's failure to state a claim for all causes of action under FRCP 12(b)(6).

#### B. Plaintiff Fails to State a Claim for Breach of Contract

A claim for breach of contract requires: (1) the existence of a contract; (2) that the plaintiff performed its contractual obligations; (3) that the defendant breached a contractual provision; and (4) that the defendant's breach caused plaintiff to incur damages.[2] *Am. W. Bank Members, L.C. v. State*, 342 P.3d 224, 230-31 (Utah 2014); *see also Compensation Guidance, Inc. v. Ashnu Int'l, Inc.*, 220 A.D. 3d 683, 684 (2023). Here, Plaintiff fails to allege any cognizable breach of contract claim because he alleges that he sent illegitimate forms of payment to American Express to pay off his debts on the Accounts. Credit card payment coupons filled out as if they were checks, <u>and not tied to anything of value</u>, is not a legitimate form of payment under his cardmember agreement (the "CMA").[3] Claims based on Plaintiff's theory have also been soundly rejected in federal court.[4]

---

[1] Section 312-a requires a plaintiff to serve by first-class mail: (i) a copy of the summons and complaint, (ii) prepaid postage, (iii) two copies of a statement of service by mail and acknowledgment of receipt, and (iv) return envelope.
[2] "As a general matter, the parties' manifest intentions to have an agreement governed by the law of a particular jurisdiction are honored [. . . .]". *Freedman v. Chem. Const. Corp.*, 43 N.Y.2d 260, 265 n. * (1977). Here, by Plaintiff entering an agreement with American Express, (*See* ECF No. 1-1, Exhibit P-7, Part 2 of 2, page 6 of 10, Section "Governing law"), Plaintiff agreed for federal and Utah substantive laws to govern this action, and thus this Court should apply federal and Utah substantive laws. There does not appear to be a conflict between Utah and New York Law; however, to the extent there is a conflict, American Express does not waive the terms of the CMA that federal and Utah substantive laws apply.
[3] (ECF No. 1-1, Ex. P-7, Part 2 of 2, page 2 of 10, Section "How to make payments").
[4] *See e.g. Marvin v. Cap. One*, No. 1:15-CV-1310, 2016 WL 4548382, at *4-6 (W.D. Mich. Aug. 16, 2016) (court dismissed pro se plaintiff's claims premised on theory that he paid his credit card debt with papers he called "promissory notes," that were not tied to anything of value, because such a theory is "nonsense"); *In re Walters*, No.

Moreover, under the CMA, American Express can close Account 21009 for any reason.[5] As such, Plaintiff failed to alleges of breach of contract claim.

### C. Plaintiff Fails to State a Claim for Breach of Fiduciary Duty and Breach of Trust or Equity

There can be no claim for a breach of fiduciary duty absent a fiduciary relationship. *State Bank of S. Utah v. Troy Hygro Sys.*, Inc., 894 P.2d 1270, 1275 (Utah Ct. App. 1995); *Bank Leumi Tr. Co. of New York v. Block 3102 Corp.*, 180 A.D.2d 588, 589 (1992). There is no fiduciary relationship between a bank and its customer, including when the parties only engage in an arm's length transaction. *Tory Hygro Sys.*, 894 P.2d at 1275; *Block 3102 Corp.*, 180 A.D.2d at 589. Similarly, to establish a breach of trust claim, a plaintiff must show that there is a valid trust, thus evidencing a trustee-beneficiary relationship between the parties. *See Jones v. Mackey Price Thompson & Ostler*, 469 P.3d 879, 887 (Utah, 2020); *see also Sadwith v. Lantry*, 219 F. Supp. 171, 176 (S.D.N.Y. 1963). Valid trusts are created by a manifestation of an intent to create a trust. *See Jones*, 469 P.3d at 887 (citation omitted); *see also Sadwith,* 219 F. Supp. at 176. In our case, Plaintiff failed to state a breach of fiduciary duty claim because he never alleged there is a fiduciary relationship between the parties. Arm's length transactions, such as extending credit or loans, does not create a fiduciary relationship between a bank and a customer. Similarly, Plaintiff failed to allege a breach of trust or equity claim because he never alleged the parties intended to create a trust, nor explained why he believes a trustee-beneficiary relationship exists between the parties. Thus, Plaintiff failed to state a claim for both causes of action.

### D. Plaintiff Fails to State a Claim Under the Federal Reserve Act, Section 23A

Section 23A of the Federal Reserve Act, codified as 12 U.S.C. § 371c, places requirements on national banks concerning extensions of credit to banking "affiliates." 12 U.S.C. § 371c. A banking "affiliate" does not include natural persons, unless the "proceeds of the transaction are used for the benefit of, or transferred to, that affiliate." 12 U.S.C. § 371c(a)(2); 12 U.S.C. § 371c(b)(1). Here, Plaintiff did not, and cannot, state a valid Section 23A claim because he is not an affiliate, nor has he alleged that he obtained any credit or loans on behalf an affiliate.

***

For the foregoing reasons, American Express respectfully requests a pre-motion conference for leave to file a motion to dismiss under FRCP 12(b)(5) and 12(b)(6).

Respectfully submitted,

Kate E. Fisch

---

14-10119 (SMB), 2015 WL 3935237, at *3 (Bankr. S.D.N.Y. June 25, 2015) (documents called "promissory notes" claiming to have value on their face are not legal tender).

[5] American Express "may: . . . cancel your Account, . . . suspend the ability to make charges, cancel or suspend any feature on your Account." (ECF No. 1-1, Ex. P-7, Part 2 of 2, page 4 of 10, Section "Cancelling or suspending your Account").

The Court is in receipt of Defendant's letter seeking a pre-motion conference, filed at docket number 11.  Accordingly, the initial pre-trial conference scheduled for **March 5, 2024,** is hereby converted into a pre-motion conference to address Defendant's submission.  The dial-in information for that conference remains the same and is as follows.  At the aforementioned, time, the parties are to call (888) 363-4749 and enter access code 5123533.

Furthermore, Plaintiff is directed to file a response to Defendant's pre-motion letter, not to exceed three pages, on or before **February 29, 2024.**

The Clerk of Court is directed to mail a copy of this endorsement to Plaintiff at his address of record.  Defendant is directed to provide copies of any future filings to Plaintiff at his address of record.

The Clerk of Court is directed to terminate the pending motion at docket number 11.

Dated:    January 2, 2024
          New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE